■ In the Matter of ADANIA C., Petitioner, v MARVA HAMMONS et al., Respondents. [653 NYS2d 594] —Petition, pursuant to CPLR article 78, transferred to this Court by order of the Supreme Court, New York County (Joan Lobis, J.), entered October 25, 1995, that challenged a determination, after fair hearing, of respondent New York State Department of Social Services, dated December 22, 1994, which affirmed the earlier determination of respondent New York City Department of Social Services not to provide petitioner with foster care benefits at the special rate for her two foster children, John and Jose V., from June 4, 1989 through February 10, 1994, unanimously granted, without costs, the determination annulled, and the New York City Department of Social Services directed to reimburse petitioner for the disputed period at the special rate.

Petitioner is the foster mother of John and Jose V., who were placed in her care on or about March 8, 1988. A fair hearing was held on May 24, 1994 by the New York State Department of Social Services (State Agency). The Commissioner's delegate determined that petitioner should have received benefits on behalf of the boys at the rate payable for children requiring special services for the period from June 4, 1988 through June 3, 1989 and for the period after February 10, 1994. He further directed the New York City Department of Social Services (City Agency) to evaluate petitioner's eligibility for special foster care benefits for the disputed interim period of June 4, 1989 through February 10, 1994, noting that the

City Agency "failed to appear with the complete relevant medical records or evaluation of special needs of Jose and John", although provided with additional time to do so following the hearing.

The City Agency thereafter declined to issue special benefits for the disputed period, citing the insufficiency of medical documentation to support a finding that the children had special needs during this time. This determination was subsequently affirmed by the State Agency following a fair hearing conducted on December 1, 1994. The State Agency reasoned that the medical documentation covering the disputed period does not include the diagnosis of any condition that constitutes a special need.

The record reflects that the children suffer from various physical and emotional deficits resulting from "history of abuse" or "[h]istory of deprivation by biological mother", according to evaluations performed in 1992 and 1993. Other reports state that John and Jose suffer from failure to thrive and maturational lag of the central nervous system, respectively. It is not disputed that the children, as the result of abuse prior to their placement in foster care, required special services before June 4, 1989, and the State Agency's brief indicates that they were "adjudicated as abuse[d]/neglected children" throughout this time period. Nor is there any question that the boys have required special care subsequent to February 10, 1994. Curiously, however, nothing in the record explains why they did not also require special care during the disputed interim period. In light of the chronic, developmental disorders afflicting the children, we find the denial of special benefits during the disputed interim period to be without a rational basis (*Matter of Purdy v Kreisberg*, 47 NY2d 354, 358, citing *Matter of Pell v Board of Educ.*, 34 NY2d 222, 231).

Were we to reach the issue, we would also find that the determination is unsupported by substantial evidence (*300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176). The transcript of the fair hearings is replete with omissions. Because of the poor audibility of the tape recording of the proceedings, the various discussions regarding the medical evidence are indecipherable. Moreover, because of the failure of the City Agency to submit medical documentation at the first fair hearing, the omissions in the transcript are not alleviated by reference to the record. Concur—Milonas, J. P., Rosenberger, Rubin, Williams and Andrias, JJ.